COMMONWEALTH *vs.* JOSEPH SOSTILIO.

Middlesex.   November 7, 1966. — December 1, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning,* Enforcement, Criminal penalty, Constitutionality. *Municipal Corporations,* By-laws and ordinances. *Constitutional Law,* Zoning.

Municipal zoning is constitutional apart from art. 60 of the Amendments to the Constitution of Massachusetts. [421]

A municipality is authorized by G. L. c. 40, § 21, to impose a criminal penalty for violation of a provision of its zoning ordinance or by-law. [421–422]

COMPLAINT filed in the District Court of Natick on July 26, 1965.

Upon appeal to the Superior Court, the case was reported by *Vallely,* J.

*James W. Kelleher* for the defendant.

*Ralph F. Champa, Jr.,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

· *Jordan L. Ring, Daniel Klubock & Jerry J. DiGeronimo,* for the Town of Natick, amicus curiae, submitted a brief.

WILKINS, C.J. An interlocutory report under G. L. c. 278, § 30A, by a judge of the Superior Court presents the question raised before trial by a motion to dismiss a criminal complaint: "Is a town authorized to impose a criminal penalty for violation of a provision of its zoning by-laws?" The complaint, issued by the District Court of Natick, charged the defendant with violation of "Section IIIA, number 44" of the zoning by-law of the town of Natick in that on or about July 6, 1965, he "did store trucks and or motor vehicles on or about property referred to as 52 Everett Street." Section III A, No. 44, authorized the maintenance of yards for the servicing of trucks and trailers only in "Industrial Area II under Special Permit." In the District Court the defendant was found guilty and fined $20. He appealed to the Superior Court.

The penalty was imposed under § VI F of the town's zoning by-law: "Any person violating any provisions of this by-law, any of the conditions under which a permit is issued, or any decision rendered by the Board of Appeals, may be fined not more than twenty dollars for each offense. Each day that such violation continues shall constitute a separate offense."

There is no contention that the defendant has not committed the prohibited act. The defendant's basic argument is that the town lacks authorization to impose the fine; and that its power is limited either to denying a permit for the forbidden activity or to invoking the equity jurisdiction of the Superior Court for enforcement and injunctive relief under G. L. c. 40A, § 12 and § 22, respectively, as appearing in St. 1954, c. 368, § 2. The detail of his argument runs

somewhat in this fashion. A municipality cannot enact an ordinance or by-law unless authorized by statute; the regulation of zoning was first authorized by art. 60 of the Amendments to the Constitution in 1918; G. L. c. 40A, first derived from St. 1920, c. 601, contains no such authorization; and G. L. c. 40, § 21 (as amended through St. 1965, c. 316), which in its derivation long antedates art. 60, cannot apply.

To the extent that there is here a suggestion that all zoning power has its source in art. 60 of the Amendments, the inference is unfounded. That article concerns limiting "buildings" according to their use or construction.[1] Vacant lands, however, although not there mentioned, may be reasonably regulated for the promotion of the public health, safety, morals, or welfare. Zoning is constitutional apart from art. 60. *Burlington* v. *Dunn*, 318 Mass. 216, 220.

For the town's power to impose the fine the Commonwealth relies, and we think correctly, upon G. L. c. 40, § 21, which in material part, provides: "Towns may, for the purposes hereinafter named, make such orders and by-laws, not repugnant to law, as they may judge most conducive to their welfare, which shall be binding upon all inhabitants thereof and all persons within their limits. They may, except as herein provided, affix penalties for breaches thereof, not exceeding fifty dollars[2] for each offence, which may be recovered by indictment or on complaint before a district court, and shall enure to the town or to such uses as it may direct: (1) For directing and managing their prudential affairs, preserving peace and good order, and maintaining their internal police."

That the language of the first purpose given in § 21 goes back in substance at least to St. 1785, c. 75, § 7, and in almost identical language to Gen. Sts. c. 18, § 11, does not impress

---

[1] Article 60. "The general court shall have power to limit buildings according to their use or construction to specified districts of cities and towns."

[2] Prior to St. 1965, c. 316, effective June 8, 1965, the penalty was $20. The town, according to its by-law as referred to in all the briefs, had not changed the penalty at the time of the violation in this case.

us as of present significance. The fundamental power there conferred is not a stunted one, but is capable of reasonable growth. It will embrace any new purpose which becomes reasonable and proper in the lapse of time and in the course of normal progress in the administration of the affairs of municipal government. See *Willard* v. *Newburyport,* 12 Pick. 227, 231; *Commonwealth* v. *Kimball,* 299 Mass. 353, 356–358. When the Legislature enacted St. 1920, c. 601, the original ancestor of G. L. c. 40A, inserted by St. 1954, c. 368, § 2, the legislative intent must have been to provide adequate means for dealing effectively with the details of the essentially local problems of land use. See particularly c. 40A, §§ 2, 6. We are unwilling to believe that a city or town has been remitted to instituting a separate suit in equity in the Superior Court for every violation, however trivial, of its zoning ordinance or by-law. A criminal prosecution in a District Court would be far more expeditious and less cumbersome.

Our conclusion is supported by the actual decision in *Commonwealth* v. *Dillon,* 277 Mass. 196, although the issue argued to us was not there discussed.

The answer to the question reported is, "Yes."

*So ordered.*