. COMMONWEALTH vs. ARMANDO PORRAZZO.

No. 86-456.

Middlesex. November 6, 1986. — December 21, 1987.

Present: GRANT, QUIRICO, & FINE, JJ.

Zoning, Enforcement, Criminal penalty. Building. State Building Code,
Criminal penalty. Municipal Corporations, By-laws and ordinances,
Building inspector. Jurisdiction, State building code, Zoning. District
Court, Jurisdiction. Statute, Construction. Notice.

A municipality may proceed under G. L. c. 143, § 94 (a), to prosecute
criminally violations of the State building code and under G. L. c. 40A,
§ 7, to prosecute violations of its zoning ordinance and by-laws [171-
173], and jurisdiction lies in the District Court for trial of such criminal
complaints. [173-174]

General Laws c. 143, § 51, requires proper notice, as prescribed in that
statute, be given to an alleged violator of the State building code, before
a municipality may initiate a criminal prosecution for such violations.
[176-177]

With respect to violations of the State building code alleged to have occurred
in 1984, neither the fact of a 1979 civil action by the municipality
involving unlawful use of the same premises, nor a consent judgment
entered in that action in 1980, nor an application in 1985 for a criminal
complaint for the 1984 violations fulfilled the notice requirements of
G. L. c. 143, § 51, and thus, no other notice having been given, the
complaint was properly dismissed. [177-178]

COMPLAINT received and sworn to in the Concord Division
of the District Court Department on April 4, 1985.

The case was heard by John M. Eaton, Jr., J. on a motion
to dismiss.

Stephen D. Anderson, Special Assistant District Attorney
(Arthur P. Kreiger with him) for the Commonwealth.

Kenneth Quat (Emile L. Genest with him) for the defendant.

QUIRICO, J. On January 31, 1985, the building commissioner
of the town of Acton filed an application in the Concord Divi-

sion of the District Court Department of the Trial Court for the issuance of a complaint charging the defendant, Armando Porrazzo, with the commission of seven different misdemeanors, six of which were violations of the State building code and one a violation of the zoning by-law of Acton. An evidentiary hearing was held before the clerk-magistrate on February 25, 1985, and the complaint was issued on April 4, 1985, containing seven different counts, each charging a separate misdemeanor.[1]

On May 2, 1985, the defendant filed a motion to dismiss "[a]ll of the complaints" for the following stated reasons: "1. No statutory authority to bring criminal proceedings. 2. If there is authority it is with the Superior Court. 3. The requirement of notice and administrative hearing [pursuant to G. L. c. 143, § 51] have not been met." After holding a hearing at which counsel for both sides submitted memoranda of law, the judge allowed the motion on June 14, 1985, without a written decision or memorandum. The Commonwealth appealed the dismissal as expressly authorized by G. L. c. 278, § 28E. We affirm the dismissal of Counts A though F, and reverse the dismissal of Count G.

The factual background of this case is substantially as follows. In 1968, the defendant purchased real estate, with a building

---

[1] The offenses charged against the defendant were the following:

| Count No. | Offense Charged | Provision of G. L. Involved |
|---|---|---|
| A. | Alteration and change of use and occupancy of building without certificate of occupancy | c. 23B, § 17 |
| B. | Alteration of a building without building permit | c. 23B, § 17 |
| C. | Electrical wiring without permit | c. 23B, § 19 |
| D. | Installing plumbing without permit | c. 23B, § 19 |
| E. | Allowing building to be occupied without approval of board of health | c. 23B, § 19 |
| F. | Use and occupancy of a building without approval of board of health under State environmental code | c. 23B, § 19 |
| G. | Use of a building in violation of the Acton zoning by-law | c. 40A, § 7 |

thereon, located in the town of Acton. On November 20, 1984, he conveyed the property to a realty trust of which his daughter was the trustee. The building on the property was severely damaged by a fire on December 26, 1984. The building commissioner of Acton inspected the damaged building late in January, 1985, and on February 1, 1985, he sent a written notice to the trustee of the realty trust ordering that she start action the following day "to remove the remaining structure or to make it safe and secure" and informing her that, since, in his opinion, the building had been damaged to an extent greater than fifty percent, and it was a nonconforming structure, it could not be restored or reconstructed without a special permit from the zoning board of appeals of Acton. As a result of that inspection, the building commissioner also applied for and obtained the seven-count criminal complaint against the defendant for violations of law which allegedly occurred or existed during the period when the defendant owned the building in question. The commissioner's application for a similar complaint against the trust which had acquired the property on November 24, 1984, was denied.

The first six counts of the complaint allege violations of various provisions of the State building code which in some respects includes or incorporates provisions of the electrical code, the plumbing code, the environmental code and the health code. G. L. c. 143, § 94(*a*), formerly G. L. c. 23B, § 17. For the purposes of this decision it is not necessary to go into details of the offenses charged beyond their general identification in n.1 above. The final count of the complaint alleges a violation of a provision of the zoning by-law of Acton. We are not concerned with the sufficiency of the evidence of the alleged violations, but only with the issue of whether the judge of the District Court erred in dismissing all counts on the grounds alleged by the defendant in his motion to dismiss. We consider those three grounds separately.

1. *Statutory authority for criminal proceedings.* At all times material to this case, G. L. c. 23B, § 17, inserted by St. 1972, c. 802, § 1, and its successor statute, G. L. c. 143, § 94(*a*),

inserted by St. 1984, c. 348, § 10,[2] provided in pertinent part as follows: "Whoever violates any provision of the state building code . . . shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than one year, or both, for each such violation." Both statutes also provided that each day during which a violation exists shall constitute a separate offense. On the same subject, see also 780 Code Mass. Regs. § 121.4 (1980). For provisions authorizing criminal proceedings for violations of specialized codes, see: State environmental code, G. L. c. 21A, § 13; local board of health regulations, G. L. c. 111, § 31; electrical code, G. L. c. 143, § 3L, and plumbing code, 248 Code Mass. Regs. § 2.01(2) (1984). As to the first six counts of the complaint, there are statutes which authorize criminal prosecution for the offenses charged.

The Zoning Act, G. L. c. 40A, § 7, inserted by St. 1975, c. 808, § 3, expressly recognizes the power of a municipality to prosecute criminally the violation of its zoning ordinance or by-law by providing: "No local zoning law shall provide penalty of more than one hundred dollars[3] per violation; provided that nothing herein shall be construed to prohibit such laws from providing that each day such violation continues shall constitute a separate offense." The Acton zoning by-law provides in § 11.1.2 thereof as follows: "Fine — Violation of this by-law shall be punishable by a fine of $100.00 for each offense. Each day that such violation continues shall constitute a separate offense."

Even before The Zoning Act, G. L. c. 40A, was enacted in 1975, expressly recognizing in § 7 the municipal power to prosecute zoning violations criminally, the existence of this power had been recognized by the Supreme Judicial Court in *Commonwealth* v. *Sostilio,* 351 Mass. 419, 421 (1966), in its interpretation of G. L. c. 40, § 21. That statute, as amended

---

[2] Statute 1984, c. 348, § 10, was approved, with emergency preamble, December 18, 1984.

[3] Statute 1984, c. 291, effective February 25, 1985, amended the statute to provide for a penalty of up to three hundred dollars per violation.

through St. 1965, c. 316, provided that "[t]owns may, for the purposes hereinafter named, make such orders and by-laws, not repugnant to law, as they may judge most conducive to their welfare, which shall be binding upon all inhabitants thereof and all persons within their limits. They may, except as herein provided, affix penalties for breaches thereof . . . which may be recovered by indictment or on complaint before a [D]istrict [C]ourt, and shall enure to the town or to such uses as it may direct: (1) For directing and managing their prudential affairs, preserving peace and good order, and maintaining their internal police." In *Commonwealth* v. *Sostilio,* Chief Justice Wilkins appears to have anticipated that someone might take the narrow position taken by the defendant in the present case when he said, at 421-422: "That the language of the first purpose given in § 21 goes back in substance at least to St. 1785, c. 75, § 7, and in almost identical language to Gen. Sts. c. 18, § 11, does not impress us as of present significance. The fundamental power there conferred is not a stunted one, but is capable of reasonable growth. It will embrace any new purpose which becomes reasonable and proper in the lapse of time and in the course of normal progress in the administration of the affairs of municipal government. When the Legislature enacted St. 1920, c. 601, the original ancestor of G. L. c. 40A, inserted by St. 1954, c. 368, § 2, the legislative intent must have been to provide adequate means for dealing effectively with the details of the essentially local problems of land use. . . . We are unwilling to believe that a city or town has been remitted to instituting a separate suit in equity in the Superior Court for every violation, however trivial, of its zoning ordinance or by-law. A criminal prosecution in a District Court would be far more expeditious and less cumbersome." (Citations omitted.)

2. *Must criminal proceedings, if any, be in the Superior Court?* The second ground on which the defendant bases his motion to dismiss all counts of the criminal complaints against him is that, "[i]f there is authority [to bring criminal proceedings,] it is with the Superior Court." It is not clear to what extent, if any, the District Court judge relied on that ground

in allowing the motion to dismiss. To some extent, the discussion in part 1 of this decision relates to the present question and supports the position of the Commonwealth to the effect that the District Court had jurisdiction to issue the criminal complaint which it later ordered dismissed.

The jurisdiction of the District Court is clearly stated in the following language of G. L. c. 218, § 26, as appearing in St. 1983, c. 636, § 27:

> "The [D]istrict [C]ourts . . . shall have original jurisdiction, concurrent with the [S]uperior [C]ourt, of the following offenses, complaint of which shall be brought in the division of the [D]istrict [C]ourt department . . . within which judicial district the offense was allegedly committed or is otherwise made punishable: all violations of by-laws, orders, ordinances, rules and regulations, made by cities, towns and public officers, all misdemeanors, except libels [and certain other offenses not relevant to this case.]"

There are numerous statutes which refer to the power of the Supreme Judicial Court and the Superior Court to enforce, or to enjoin the violation of, various provisions of the building code and related codes. Some of such statutes are G. L. c. 143, §§ 12, 57, and 59. Along with those statutes there is G. L. c. 143, § 58, which provides that "District [C]ourts shall have jurisdiction concurrently with the [S]uperior [C]ourt of *prosecutions* and proceedings at law under sections three to fifty-two, inclusive," of G. L. c. 143 (emphasis supplied). Similarly, G. L. c. 40A, § 7, inserted by St. 1975, c. 808, § 3, relating to zoning, concludes as follows: "The [S]uperior [C]ourt shall have jurisdiction to enforce the provisions of this chapter, and any ordinances or by-laws adopted thereunder, and may restrain by injunction violations thereof." Nevertheless, the language quoted from *Commonwealth* v. *Sostilio, supra,* states quite clearly that the District Court may entertain criminal prosecutions for violations of zoning ordinances or by-laws. To the same effect, see *Commonwealth* v. *Hadley,* 351 Mass. 439, 443-444 (1966), vacated and remanded on different grounds, 388 U.S. 464 (1967).

3. *Does the notice requirement of G. L. c. 143, § 51, apply, and, if it does, did the Commonwealth comply with the requirement?* The third ground on which the defendant bases his motion to dismiss all counts of the complaint against him is that the Commonwealth failed to comply with the notice requirements of G. L. c. 143, § 51. That statute, as amended through St. 1972, c. 802, § 35, reads in pertinent part as follows:

> "The owner, lessee, mortgagee in possession or occupant, being the party in control, of [certain types of buildings, including the building involved in this case] shall comply with the provisions of this chapter [G. L. c. 143] and the [S]tate building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions. No criminal prosecution for such violation shall be begun until the lapse of thirty days after such party in control has been notified in writing by a local inspector as to what changes are necessary to meet the requirements of such provisions, or if such changes shall have been made in accordance with such notice. . . . Such notice may be served personally or sent by mail."

This notice requirement applies only to the first six counts (Counts A through F) of the complaint, which allege violations of the State building code and related specialized codes, but does not apply to the seventh count (Count G), alleging a violation of the Acton zoning by-law. The dismissal of Count G, therefore, was error. The rest of this opinion deals only with Counts A through F.

For the purposes of this statute, the "local inspector" in this case was the building commissioner of the town of Acton. Admittedly neither the building commissioner nor any other person acting for him ever mailed or delivered to the defendant a written notice which stated or otherwise purported to be a notice under § 51, which is quoted above. The defendant, in moving for the dismissal of Counts A through F of the complaint, contends that the mailing or delivery of such a notice

was a condition precedent to the beginning of the present criminal prosecution. The Commonwealth contends that it was not a condition precedent, but, if it was, then that part of the statute was complied with by certain other notices and documents which had previously passed between the parties.

(a) *Is notice under G. L. c. 143, § 51, a condition precedent to the beginning of a criminal prosecution in this case?* A literal reading of the statute requires a conclusion that a criminal prosecution for an alleged violation of the State building code shall not "be begun until the lapse of thirty days after [the alleged violator] has been notified in writing by a local inspector as to what changes are necessary to meet the requirements" of the code. The notice must go to "[t]he owner, lessee, mortgagee in possession or occupant, being the party in control" of the building in question. No such express notice was given in this case. The Commonwealth contends that there are special circumstances which obviate the giving of the notice. One such circumstance is that the defendant no longer owned the building when the complaint was issued. Another is that before the complaint was issued the building had been damaged by fire to an extent of more than fifty percent, and, since it was a building which did not conform to the town's zoning by-law, it could not be repaired without a special permit from the town's zoning board of appeals. The Commonwealth argues that for those reasons the giving of a statutory notice would accomplish no purpose, and that this court should not assume that the Legislature intended such an irrational result. *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 355 (1973). *Commonwealth* v. *Adams*, 389 Mass. 265, 273 (1983).

We are required to interpret the language used by the Legislature, if we are able to do so, without, in effect, rewriting the statute. The Legislature provided no exceptions to the requirement of G. L. c. 143, § 51, that there should be no criminal prosecution for violation of the State building code unless the prescribed written notice was sent or delivered to the alleged violator, stating what was required to be done by him to comply with the code, and he failed to make the required

corrections within thirty days thereafter. It is not uncommon for the Legislature to enact a statute which expressly states its intended purpose, scope or application and also expressly states any intended limitations or exceptions to what is required. In enacting § 51, the Legislature stated no such limitations or exceptions; and there are no circumstances which permit or warrant this court to imply such limitations or exceptions under the guise of the exercise of our judicial power of "statutory interpretation."

We hold that G. L. c. 143, § 51, requires that, before a criminal prosecution may be begun against an alleged violator of any provisions of the State building code and related codes, the prosecutor must give written notice to the alleged violator, complying in time, content and service with that statute, and then proceed only if the alleged violator fails to correct the unlawful conditions within thirty days after the notice is given.

(b) *Was the notice requirement of G. L. c. 143, § 51, accomplished by the 1980 judgment or the 1985 application for complaints?* The next question is whether either or both of the following events or occurrences satisfy the notice requirement of the statute: (i) a civil action brought by the town of Acton against the defendant in 1979, involving the alleged unlawful use of the same premises which are involved in the present case, and (ii) the application filed by the town of Acton in the District Court for the issuance of the very complaint which was later dismissed and is the subject of the present case. The offenses charged in Counts A through F of the present case are alleged in the complaint to have occurred "on or about 8/14 to 12/26/84."

(i) On July 5, 1979, the building commissioner of Acton entered a civil action against the defendant in the Superior Court alleging the unlawful use of the same premises involved in the present case, the particular unlawful use relating to the use of the premises for the repair of motor vehicles. A consent judgment was entered in that case on November 26, 1980, in which the defendant agreed not to use his premises for the repair of vehicles or for any commercial purpose until certain physical improvements to the building were accomplished.

There is nothing before this court to identify just what those improvements were except that some were aesthetic and others related to fire protection measures.

(ii) The application for a criminal complaint which was filed by the building commissioner in the District Court on January 31, 1985, a copy of which was furnished to the defendant, described the offense being charged against the defendant as listed in note 1 to this opinion. As noted in the first paragraph of this opinion, the hearing on the application was held before the clerk-magistrate on February 25, 1985, and the complaint was issued April 4, 1985.

The prosecution contends that those two events or occurrences, and the papers involved therein, taken separately or together, were all more than thirty days before the issuance of the complaint on April 4, 1985, and that they fulfill the notice requirements of G. L. c. 143, § 51. We do not agree. There is nothing in those documents to identify the conditions against which relief was sought in the 1979-1980 civil litigation as the same conditions which were the subject of the alleged violations described in the 1985 application for a complaint and in the counts of the complaint of April 4, 1985. They appear to involve two different incidents, or groups of incidents, five or six years apart. Except for the fact that certain counts of the complaint allege that something was done without a permit or without approval, there is nothing to satisfy the statutory requirement in § 51 that "[n]o criminal prosecution for such violation shall be begun until the lapse of thirty days after [the alleged violator] has been notified in writing by a local inspector as to what changes are necessary to meet the requirements of such provisions" of the applicable statutes or codes. The thirty-day period, which would allow him to accomplish the changes which the building commissioner says are necessary to comply with the applicable law or code, starts to run if and when such a notice is "served personally or sent by mail" to the defendant. No such notice had been served or sent to the defendant before the complaint of April 4, 1985, was issued. Therefore, Counts A through F, alleging violations of the State building code and related codes, were properly dismissed.

The order entered by the District Court on June 14, 1985, dismissing the complaint of April 4, 1985, as to all seven counts identified as Counts A to G, is hereby *affirmed* as to Counts A through F, and it is *reversed* as to Count G.

*So ordered.*