BURLINGTON SAND & GRAVEL, INC. *vs.* TOWN OF
HARVARD.

No. 89-P-1444.

Middlesex. February 13, 1991. - August 16, 1991.

Present: SMITH, JACOBS, & GILLERMAN, JJ.

*Zoning*, Enforcement, Criminal penalty. *Municipal Corporations*, By-laws
and ordinances. *Statute*, Construction. *Practice, Civil*, Preliminary
injunction.

A town that properly sought to enjoin violations of its zoning by-law by
bringing an action pursuant to G. L. c. 40A, § 7, lacked authority
under that section to seek the assessment of civil penalties (fines) but,
instead, was limited to pursuing criminal prosecutions under G. L.
c. 40, § 21, or noncriminal proceedings pursuant to G. L. c. 40, § 21D.
[263-265]

The existence of a preliminary injunction obtained by a company that op-
erated a gravel pit, prohibiting a town from interfering with the com-
pany's use of an access road during litigation between the parties over
whether the company's operation was in volation of the town's zoning
by-law, did not provide a defense to the company, in the circumstances,
in regard to the alleged violations of the zoning by-law. [265-266]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 31, 1987.

Following the decision of this court in 26 Mass. App. Ct.
436 (1988), further proceedings were had before *Robert J.
Hallisey*, J.

*David Berman* for the plaintiff.

*Richmond T. Edes*, Town Counsel, for the defendant.

SMITH, J. Burlington Sand & Gravel, Inc. (Burlington),
owns a tract of land straddling the boundary line between
the towns of Harvard and Boxborough. It had a permit from
Boxborough to extract sand, gravel, and earth products from
the portion of its land located in that town. Burlington, from
time to time, used its land in Harvard as an access road for

trucks hauling materials from its gravel pit in Boxborough. The land in Harvard was zoned agricultural/residential.

On March 25, 1987, the building inspector of Harvard sent a letter to Burlington complaining that Burlington, by making commercial use of its land in Harvard, was violating several of that town's by-laws, including the zoning by-law. He ordered Burlington to cease and desist from the commercial use of its property in Harvard or face legal action.

In response to the letter, Burlington brought an action against Harvard in the Superior Court, seeking injunctive and declaratory relief. In its complaint, Burlington alleged that the transportation of materials over the access road was permitted under the zoning by-law as a nonconforming use. In its answer, Harvard alleged, among other things, that Burlington, by not using the access road in years past, had abandoned the nonconforming use. Harvard's answer also contained a counterclaim against Burlington, requesting an injunction and the assessment of fines under G. L. c. 40A, § 7, for violation of the zoning by-law. On April 3, 1987, Burlington obtained a preliminary injunction, prohibiting Harvard from interfering with Burlington's use of the access road until the matter was decided.

Burlington's complaint came on for trial before a Superior Court judge, sitting without a jury. Because certain key witnesses were not available, the parties agreed to litigate at that time only the issue whether Burlington had abandoned its nonconforming use of the access road. After trial, the judge concluded that Burlington had abandoned the nonconforming use of the access road. Leave to take an interlocutory appeal was granted to Burlington by a single justice of this court. We affirmed the partial judgment entered by the trial court. *Burlington Sand & Gravel, Inc. v. Harvard*, 26 Mass. App. Ct. 436 (1988).

After rescript, Burlington filed a motion to dismiss so much of Harvard's counterclaim as sought the assessment of fines for violations of the zoning by-law pursuant to G. L. c. 40A, § 7. Burlington claimed that the Zoning Act, G. L. c. 40A, did not authorize the assessment of fines in a civil

proceeding. After a hearing, a judge denied Burlington's motion.

Harvard's counterclaim was then tried before a Superior Court judge, sitting without a jury. The judge found that Burlington's land in Harvard was zoned agricultural/residential and was used by Burlington to transport sand, gravel, and earth products from the gravel pit in Boxborough. That use of the access road, Burlington admitted at trial, was for commercial purposes. The judge concluded that Burlington's use of the access road violated the zoning by-law and entered a permanent injunction prohibiting any commercial use of the access road by Burlington. The judge also found that Burlington had used the access road for a total of ninety-four days, in violation of the zoning by-law. That by-law established a maximum amount of one hundred dollars for each violation. The judge, therefore, assessed Burlington a total of $9,400 in fines, and judgment was entered accordingly.

On appeal, Burlington claims that the judge committed error when he denied its motion to dismiss. It also contends that it could not be fined for acts in violation of the by-law while the preliminary injunction was in effect.

1. *Denial of Burlington's motion to dismiss Harvard's counterclaim.* General Laws c. 40, § 21, as amended through St. 1981, c. 109, provides that "[t]owns may, for the purposes hereinafter named, make such ordinances and by-laws, not repugnant to law, as they may judge most conducive to their welfare, which shall be binding upon all inhabitants thereof and all persons within their limits. They may, except as herein provided, affix penalties for breaches thereof not exceeding three hundred dollars for each offense, which shall enure to the town or to such uses as it may direct. Notwithstanding the provisions of any special law to the contrary, fines shall be recovered by indictment or on complaint before a district court, or by noncriminal disposition in accordance with section twenty-one D." The court in *Commonwealth v. Sostilio*, 351 Mass. 419, 421 (1966), held that, under G. L. c. 40, § 21, municipalities may institute criminal prosecutions and seek fines for the violation of a zoning by-law. See

also *Commonwealth* v. *Porrazzo*, 25 Mass. App. Ct. 169, 172 (1987). Burlington contends that cities and towns that wish to obtain fines for violations of a zoning by-law are limited to criminal prosecutions or noncriminal proceedings pursuant to G. L. c. 40, § 21D[1], and cannot, as Harvard attempted to accomplish through its counterclaim, seek civil penalties pursuant to G. L. c. 40A, § 7, for such violations. We agree.

The enforcement of the zoning laws is authorized by G. L. c. 40A, § 7, as inserted by St. 1975, c. 808, § 3, the last paragraph of which provides: "The superior court shall have jurisdiction to enforce the provisions of this chapter, and any ordinances or by-laws adopted thereunder, and may restrain by injunction violations thereof." There is nothing in § 7, either express or implied, that indicates that, in addition to injunctive relief, the Legislature intended that a civil penalty may be imposed for violations of a zoning by-law in actions brought pursuant to the statute.[2]

The legislative history supports our view that the Legislature did not intend to authorize the imposition of civil penalties for violations of a zoning by-law. "The 1975 revision of the Zoning Enabling Act, St. 1975, c. 808, § 3, resulted from a report to the Legislature by the Department of Community

---

[1]General Laws c. 40, § 21D, as inserted by St. 1977, c. 401, § 2, provides that "[a]ny town may by ordinance or by-law not inconsistent with this section provide for noncriminal disposition of violations of any ordinance or by-law or any rule or regulation of any municipal officer, board or department the violation of which is subject to a specific penalty . . . ." Nothing in the record demonstrates that Harvard has adopted such a by-law.

[2]General Laws c. 40A, § 7, as amended by St. 1984, c. 291, "expressly recognizes the power of a municipality to prosecute criminally the violation of the zoning ordinance or by-law by providing: 'No local zoning law shall provide penalty of more than [three] hundred dollars per violation, provided that nothing herein shall be construed to prohibit such laws from providing that each day such violation continues shall constitute a separate offense." *Commonwealth* v. *Porrazzo, supra* at 172.

We note that at the time of the revision of the Zoning Enabling Act in 1975, the Legislature was well aware how to provide for civil penalties in legislation, if it decided to do so. See G. L. c. 93A, § 4, as inserted by St. 1967, c. 813, § 1, which provided for a civil penalty for a violation of an injunction.

Affairs, which recommended a number of changes. See 1972 House Doc. No. 5009, Report of the Department of Community Affairs Relative to Proposed Changes and Additions to the Zoning Enabling Act . . . ." *Shrewsbury Edgemere Assocs. Ltd. Partnership* v. *Board of Appeals of Shrewsbury*, 409 Mass. 317, 320 (1991). In the report, there is no mention of the imposition of *civil* penalties as a possible method of enforcing a zoning by-law under G. L. c. 40A, § 7. Rather, the report repeatedly discusses the assessment of criminal penalties under G. L. c. 40, § 21, as an option to prosecute violations of a zoning by-law.

Harvard argues that simple logic and common sense, as well as conservation of judicial resources, suggest that the only reasonable interpretation to be given to G. L. c. 40A, § 7, is that a city or town may bring one action seeking an injunction *and* civil penalties for violations of a zoning by-law. The problem with that argument is that there is nothing in G. L. c. 40A, § 7, that demonstrates that it was the Legislature's intent to allow civil penalties to be assessed. "We do not imply language in a statute if the Legislature has not provided it." *New England Power Co.* v. *Selectmen of Amesbury*, 389 Mass. 69, 74-75 (1983).

Therefore, a city or town may *enjoin* a violation of a zoning by-law by bringing an action in the Superior Court pursuant to G. L. c. 40A, § 7. If a city or town decides to seek a fine for a zoning by-law violation, however, it must proceed by a complaint in a District Court or by an indictment in the Superior Court under G. L. c. 40, § 21. If the city or town has a relevant ordinance or by-law providing for noncriminal dispositions, it may use the procedures outlined in G. L. c. 40, § 21D.

2. *The effect of the existence of the preliminary injunction against Harvard on Burlington's violations of zoning bylaws.* In any event, Burlington argues that the existence of the preliminary injunction prohibiting Harvard from interfering with Burlington's use of the access road while this matter was pending, precluded the imposition of fines for violations committed during the time period of the injunction. Because

Burlington may still be the subject of a criminal prosecution and try to employ the existence of the injunction as a defense, we briefly discuss the issue.

There is nothing in the language of the injunction itself that prohibits the prosecution of Burlington for violations of the zoning by-law while the injunction was in effect. Further, "[t]he purpose of a preliminary injunction is to maintain the situation in statu quo until the merits can be determined." *Thayer Co.* v. *Binnall*, 326 Mass. 467, 479 (1950). The granting of the injunction against Harvard did not *compel* Burlington to use the access road in a manner that violated the zoning by-law. The granting of the injunction at Burlington's request, therefore, did not provide a defense to Burlington, in these circumstances, in regard to the alleged violations of the zoning by-law.

The denial of Burlington's motion to dismiss is vacated, and a judgment shall be entered dismissing Harvard's counterclaim.

*So ordered.*