Sherman, P.J.
This is an action by the Glen Devin Condominium Association, Inc. (“the Association”) to recover fines assessed by its Board of Directors (“the Board”) against the defendant, a condominium unit owner. The parties filed cross-motions for summary judgment. The defendant now appeals the denial of his Dist./Mun. Cts. R. Civ R, Rule 56 motion and the allowance of the plaintiff’s motion on the grounds that the Board lacked the requisite authority to levy punitive fines on unit owners.
The Glen Devin Condominium was established pursuant to G.L.c. 183A by Consolidated Master Deed (“the Master Deed”) recorded on June 5, 1973. Section 7 (d) of the Master Deed provides that the affairs of the Association of unit owners shall be conducted by a Board of five elected directors.
On June 1, 1991, the Board adopted a set of revised Rules and Regulations which included Section 10 pertaining to “Absentee Owners.” Section 10(d) stated:
As per the Master Deed, owners must receive prior approval from the Board of Directors before renting their unit. There will be a fine of $30.00 a day plus legal costs incurred for each day a renter is in a unit prior to the approval of the Board of Directors.
A copy of the revised Rules and Regulations was issued to, and received by, the defendant.
On August 28,1991, the defendant installed a tenant in his unit without the prior permission or approval of the Board. The Board responded by assessing fines in accordance with Section 10(d) against the defendant, who refused to pay them. This action to collect such fines and to recover attorney’s fees incident to said collection was thereafter instituted. .
1. It is undisputed herein that reasonable restrictions on the use, occupancy, and transfer of condominium units may be validly imposed by master deed or by-law. Franklin v. Spadafora, 388 Mass. 764, 772-773 (1983); Woodvale Condominium Trust v. Scheff 27 Mass. App. Ct. 530, 533 (1989). See also, G.L.c. 183A, §8(g). The Master Deed in this case expressly proscribes the rental of individual units without prior approval. Section 8(a) of the Master Deed prohibits the use of a unit “for any purpose other than as a private residence for the owner and the owner’s family or the owner’s lessee or guests [emphasis supplied].” Section 8(1) further provides:
After approval by the Association, entire Units may be rented provided the occupancy is only by the Lessee and his family, servants or guests.
The defendant does not challenge the validity of such Master Deed use restric *228 tion on unapproved unit rentals, which is rationally related to the reasonable purpose of promoting owner occupancy. Franklin v. Spadafora, supra at 769, 774.
Nor does the defendant specifically contend that the Board of Directors lacks the requisite authority to promulgate any rules and regulations relative to the Master Deed restrictive use on unapproved rentals. Although Section 11(H) of the Glen Devin By-Laws empowers the Board to adopt and amend rules and regulations relative only to the common areas and facilities, see G.L.c. 183A, §11 (d), the Master Deed contains a general grant of authority to the Board to enact rules applicable to individual units. Section 8(i) provides:
There shall be no violation of the rules for the use of the Units. Common Areas or Limited Common Areas adopted by the Board of Directors and furnished in writing to the owners, and the Board of Directors are authorized to adopt such rules [emphasis supplied].
2. The defendant instead argues that the Board’s authority to promulgate administrative rules and regulations applicable to individual units does not entail a concomitant right to impose fines and penalties for the violation of such rules and regulations. The defendant contends that fines and penalties may be validly utilized by the Board as an enforcement mechanism for an otherwise permissible regulation only where the Master Deed or By-Laws specifically provides for the imposition of such monetary sanctions. See Noble v. Murphy, 34 Mass. App. Ct. 452, 460-461 (1993).
Underlying the defendant’s argument that fines may be imposed pursuant to the Master Deed or By-Laws but not simply by administrative regulation is the recognized distinction between condominium originating documents, which must be recorded and require super-majorities of all unit owners for amendment, and condominium regulations which need not be recorded and which can be enacted or amended by as few as three unit owners who constitute a majority of the Board. See Johnson v. Keith, 368 Mass. 316, 320 (1975). The significance of these distinctions for the unit owner is a function of the central concept of condominium ownership which is the relinquishment of varying degrees of personal choice by the unit owner in exchange for the economic advantage, conveniences and amenities which may be derived from association with a group of property owners. Franklin v. Spadafora, supra at 769-770; Noble v. Murphy, supra at 456. The dividing line between individual and association rights differs with each condominium organization. Thus the inclusion of such matters as restrictions on individual units in recorded originating documents, which necessarily predate an individual owner’s purchase of a unit, enables a prospective purchaser to determine whether to buy into such restrictions. Id. at 459; Woodvale Condominium Trust v. Scheff, supra at 533.
3. We agree with the defendant that no express grant of authority to either the Board or the Association to assess fines can be found in the Master Deed, By-Laws or the 1991 version of the enabling statute. Section 10(b) of G.L.c. 183A which now authorizes a condominium association “to levy reasonable fines for violations of the master deed, trust, by-laws, restrictions, rules or regulations of the organization of unit owners” was enacted by St. 1992, c. 400, §13 which did not take effect until April, 1993, well after the events involved herein. The statute cannot be applied retroactively. Blood v. Edgar’s, Inc., 36 Mass. App. Ct. 402, 409 (1994).
As a general rule, however, the authority to promulgate any regulation need not be expressly granted, but may be reasonably implied by a specific grant of authority. Morello v. Boston Rent Control Board, 14 Mass. App. Ct. 27, 31 (1982). Sufficient authority for the Board’s promulgation of Regulation 10 (d) herein would appear to be implicit in Master Deed Sections 8(i), empowering the Board to adopt rules for the use of individual units, and Section 7(b), which clothes the Association with “all of the powers and duties reasonably necessary to operate the Condominium as *229 set forth in this Declaration and said By-Laws.” Nothing in the enabling statute requires the inclusion in the Master Deed and By-Laws of the specific powers which may be exercised in the management of the condominium. Contrary to the defendants contention, G.L.c. 183A, §12 (d) provides only that the By-Laws “may” include specific provisions necessary for condominium management and regulation. Such statute is to be contrasted with G.L.c. 183A, §11 which mandates the inclusion in the By-Laws of certain other matters.
4. Given the implicit authority granted to the Board by Master Deed Sections 8(i) and 7(b), and in view of the general standard of reasonableness by which the validity of condominium as well as municipal by-laws and regulations are determined, Franklin v. Spadafora, supra at 767, 774; Noble v. Murphy, supra at 457; see Scofield v. Berman & Sons, Inc., 393 Mass. 95, 100 (1984), the dispositive issue herein is whether the imposition of fines is rationally related and reasonably necessary to the Board’s implementation and enforcement of the Master Deed’s restriction on unapproved unit rentals. There can be little argument that monetary sanctions are a more cost effective and expeditious method of halting and deterring violations of condominium rules than the alternative remedy of petitioning a court for injunctive relief. The Board’s obligation to conduct condominium business logically entails the authority to devise and implement adequate and practical methods of doing so. There appears scant justification, therefore, for the conclusion that the assessment of punitive fines is not reasonably necessary to the Board’s management activities because the Board can instead commence a new suit in equity to remedy each and every violation, however serious or trivial, of a condominium rule and regulation. See Commonwealth v. Sostilio, 351 Mass. 419, 422 (1966). Clearly, the Legislature deemed the authority to levy fines and penalties a necessary incident to condominium management when it added s. 10(b) to the “minimum requirements” for condominiums which are set forth in G.L.c. 183A Barclay v. DeVeau, 384 Mass. 676, 682 (1981).
On the basis of the foregoing, the trial court’s judgment for plaintiff Glen Devin Condominium Association is hereby affirmed.
There being no error, the report is dismissed.